UNITED STATES DISTRICT
COURT DISTRICT OF COLORADO

CASE NO.:

CARLOS BRITO,

     Plaintiff,

v.

COMMONWEALTH MARKET CENTER,
LLC; MARKET CENTER 2019 LLC;
DOLLAR TREE STORES, INC.;
DUNGEONS & JAVAS LLC; and
LUU,LLC,

     Defendants.

_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, COMMONWEALTH MARKET CENTER, LLC; MARKET CENTER 2019 LLC; DOLLAR TREE STORES, INC.; DUNGEONS & JAVAS LLC; and LUU,LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1.     This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42

U.S.C. § 12181, et seq.

4.       Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, who splits his time between Miami-Dade County, Florida and El Paso County, Colorado, and is otherwise *sui juris.*

5.       At all times material, Defendant, COMMONWEALTH MARKET CENTER, LLC was a Limited Liability Company organized under the laws of the state of Delaware with its principal place of business in Littleton, Colorado and conducts a significant amount of business in Colorado Springs, Colorado.

6.       At all times material, Defendant, COMMONWEALTH MARKET CENTER, LLC, owned and operated a retail shopping location at 4310-4474 Austin Bluffs Pkwy, Colorado Springs, Colorado; 4494 Austin Bluffs Pkwy, Colorado Springs, Colorado; and 4480-4490 Austin Bluffs Pkwy, Colorado Springs, Colorado [1] (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Market Center."

7.       At all times material, Defendant, MARKET CENTER 2019 LLC was a Limited Liability Company organized under the laws of the state of Colorado with its principal place of business in Centennial, Colorado and conducts a significant amount of business in Colorado Springs, Colorado.

8.       At all times material, Defendant, MARKET CENTER 2019 LLC, owned and operated a retail shopping location at 4310-4474 Austin Bluffs Pkwy, Colorado Springs, Colorado; 4494 Austin Bluffs Pkwy, Colorado Springs, Colorado; and 4480-4490 Austin Bluffs Pkwy, Colorado Springs, Colorado [2] (hereinafter the "Commercial Property"). The Commercial Property

---

[1] The Property is spread out over several parcels. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.

[2] The Property is spread out over several parcels. The Properties share many common elements including parking,

holds itself out to the public as "Market Center."

9.      At all times material, Defendant, DOLLAR TREE STORES, INC. was a Corporation organized under the laws of the state of Virginia with its principal place of business in Chesapeake, Virginia and conducts a significant amount of business in Colorado Springs, Colorado.

10.      At all times material, Defendant, DOLLAR TREE STORES, INC., owned and operated a retail location at 4310-4474 Austin Bluffs Pkwy, Colorado Springs, Colorado; 4494 Austin Bluffs Pkwy, Colorado Springs, Colorado; and 4480-4490 Austin Bluffs Pkwy, Colorado Springs, Colorado[3] (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Dollar Tree."

11.      At all times material, Defendant, DUNGEONS & JAVAS LLC was a Corporation organized under the laws of the state of Colorado with its principal place of business in Colorado Springs, Colorado.

12.      At all times material, Defendant, DUNGEONS & JAVAS LLC, owned and operated a retail restaurant location at 4310-4474 Austin Bluffs Pkwy, Colorado Springs, Colorado; 4494 Austin Bluffs Pkwy, Colorado Springs, Colorado; and 4480-4490 Austin Bluffs Pkwy, Colorado Springs, Colorado[4]   (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Dungeons & Java."

13.      At all times material, Defendant, LUU,LLC was a Limited Liability Company

walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.
[3] The Property is spread out over several parcels. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.
[4] The Property is spread out over several parcels. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.

organized under the laws of the state of Colorado with its principal place of business in Colorado Springs, Colorado.

14.     At all times material, Defendant, LUU,LLC, owned and operated a retail restaurant location at 4310-4474 Austin Bluffs Pkwy, Colorado Springs, Colorado; 4494 Austin Bluffs Pkwy, Colorado Springs, Colorado; and 4480-4490 Austin Bluffs Pkwy, Colorado Springs, Colorado[5]   (hereinafter the "Commercial Property"). The Commercial Property holds itself out to the public as "Pho Lu'u."

15.     Venue is properly located in the District of Colorado because Defendants' Commercial Property is located in Colorado Springs, Colorado, all the Defendants regularly conduct business within Colorado Springs, Colorado, the places of public accommodation owned and operated by each Defendant are located in Colorado Springs, Colorado and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

## FACTUAL ALLEGATIONS

16.     Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

17.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial

---

[5] The Property is spread out over several parcels. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.

Property and the business therein, including the retail shopping store.

18.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

19.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.   Plaintiff requires the use of a wheelchair to ambulate.

20.     Defendants, COMMONWEALTH MARKET CENTER, LLC and MARKET CENTER 2019 LLC, own, operate and oversee the Commercial Property, its general parking lot and parking spots specific to the business therein, and collectively they own, operate and oversee said Commercial Property located in Colorado Springs, Colorado, that is the subject of this Action. Defendant DOLLAR TREE STORES, INC. owns, operates and oversees a retail business located in Colorado Springs, Colorado, that is the subject of this Action. Defendants DUNGEONS & JAVAS LLC; and LUU,LLC own, operate and oversee their respective restaurant businesses located in Colorado Springs, Colorado, that are the subject of this Action.

21.     The subject Commercial Property is open to the public and is located in Colorado Springs, Colorado.   The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about July 28, 2020 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property.   He plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

22.     Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and business within the Commercial Property as a patron/customer, and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property.   Plaintiff spends much of his time in and near El Paso County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of this Complaint.

23.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

24.     The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.   The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

25.     Defendants, COMMONWEALTH MARKET CENTER, LLC; MARKET CENTER 2019 LLC; DOLLAR TREE STORES, INC.; DUNGEONS & JAVAS LLC; and LUU,LLC own/or and operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.   Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, COMMONWEALTH MARKET CENTER, LLC; MARKET CENTER 2019 LLC;

DOLLAR TREE STORES, INC.; DUNGEONS & JAVAS LLC; and LUU,LLC, own and operate

is the Commercial Property business located at 4310-4474 Austin Bluffs Pkwy, Colorado Springs,

Colorado; 4494 Austin Bluffs Pkwy, Colorado Springs, Colorado; and 4480-4490 Austin Bluffs

Pkwy, Colorado Springs, Colorado[6].

26.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing

threat of discrimination from the Defendants' non-compliance with the ADA with respect to the

described Commercial Property and the restaurants and business therein, but not necessarily

limited to the allegations in Counts I though IV of this Complaint.  Plaintiff has reasonable

grounds to believe that he will continue to be subjected to discrimination at the Commercial

Property and the business located within the Commercial Property, in violation of the ADA.

Plaintiff desires to visit the Commercial Property and business located within the Commercial

Property, not only to avail himself of the goods and services available at this Commercial Property

and business therein, but to assure himself that the property and business therein are in compliance

with the ADA, so that he and others similarly situated will have full and equal enjoyment of the

property and business therein without fear of discrimination.

### COUNT I
### AS TO DEFENDANTS COMMONWEALTH MARKET CENTER, LLC, AND MARKET CENTER 2019 LLC

27.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1

through 26 above as though fully set forth herein.

28.     Defendants COMMONWEALTH MARKET CENTER, LLC and MARKET

CENTER 2019 LLC have discriminated against the individual Plaintiff by denying him access to,

---

[6] The Property is spread out over several parcels. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.

and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

29.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property, include, but are not limited to, the following:

**Common Areas as to 4310 Austin Bluffs Pkwy.**

A. Parking

i.     The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

v.   The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff could not navigate the curb ramps without assistance, as there are curb ramps at the facility that contain excessive flared side slopes, violating Section 4.7.5 of the ADAAG and Section 406.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Common Areas as to 4494 Austin Bluffs Pkwy.**

C.  Parking

i.   The required number of van accessible parking spaces is not provided, violating Section 4.1.2(5b) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrance Access and Path of Travel**

10

i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Common Areas as to 4480 Austin Bluffs Pkwy.**

D.  Parking

i.   The required number of van accessible parking spaces is not provided, violating Section 4.1.2(5b) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

E.  Entrance Access and Path of Travel

i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the

ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II**
**AS TO DEFENDANTS COMMONWEALTH MARKET CENTER, LLC; MARKET CENTER 2019 LLC AND DOLLAR TREE STORES, INC.**

30.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

31.     Defendants COMMONWEALTH MARKET CENTER, LLC, MARKET CENTER 2019 LLC and DOLLAR TREE STORES, INC. have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

32.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and the restaurant business, include, but are not limited to, the following:

A. Public Restrooms

i.    The Plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

ii.   The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff could not use the toilet compartment without assistance, as one of the required size is not provided: Violation: The toilet compartments provided for public use at the facility are in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.   There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT III
### AS TO DEFENDANTS COMMONWEALTH MARKET CENTER, LLC, MARKET CENTER 2019 LLC AND DUNGEONS & JAVAS LLC

33.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

34.   Defendants COMMONWEALTH MARKET CENTER, LLC, MARKET CENTER 2019 LLC and DUNGEONS & JAVAS LLC have discriminated against the individual

Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the restaurant business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

35.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and the restaurant business, include, but are not limited to, the following:

A.  Public Restrooms

i.   The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section

15

4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV**
**AS TO DEFENDANTS COMMONWEALTH MARKET CENTER, LLC, MARKET CENTER 2019 LLC AND LUU,LLC**

36.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 26 above as though fully set forth herein.

37.    Defendants COMMONWEALTH MARKET CENTER, LLC, MARKET CENTER 2019 LLC and LUU,LLC have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and the restaurant business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

38.    Defendants have discriminated, and continue to discriminate, against Plaintiff in

violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendants have ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and the restaurant business, include, but are not limited to, the following:

A.  <u>Public Restrooms</u>

i.  There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  The Plaintiff could not use the lavatory without assistance, as objects are located underneath it. Violation: There are lavatories in public restrooms without the required toe clearance provided, violating the requirements in Section 4.19.2 of the ADAAG, 28 CFR 36.211, and Sections 306.2 & 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff could not use the lavatory faucets without assistance, as they require a tight grasp and twist to operate. Violation: Compliant faucets are not provided at the lavatory violating

Sections 4.19.5 and 4.27.4 of the ADAAG and Sections 309.4 and 606.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.  The Plaintiff could not use the toilet compartment without assistance, as one of the required size is not provided: Violation: The toilet compartments provided for public use at the facility are in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

x.  The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.    The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6   of the ADAAG and Sections 604.5.2 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.    The Plaintiff could not use the toilet without assistance as the seat is not mounted at the required height. Violation: The water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

39.    The discriminatory violations described in Counts I through IV are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

40.    The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order

to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

41.      Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

42.      Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43.      While Defendant, COMMONWEALTH MARKET CENTER, LLC, MARKET CENTER 2019 LLC, as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

44.      A Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

45.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendants have 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

46.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the Commercial Property located in Colorado Springs, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to The Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, The Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications

21

are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 3, 2020

> **GARCIA-MENOCAL & PEREZ, P.L.**
> *Attorneys for Plaintiff*
> 1600 Broadway, Suite 1600
> Denver, CO   80202
> Telephone:   (720) 996-3500
> Facsimile:    (720) 381-0515
> Primary E-Mail:    ajperez@lawgmp.com
> Secondary E-Mail: aquezada@lawgmp.com
> bvirues@lawgmp.com.
>
> By:        */s/ Anthony J. Perez*
>         ANTHONY J. PEREZ
>         BEVERLY VIRUES